IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **40 West Hubbard, LLC,** ) | |
|     **Plaintiff,** ) | |
| ) | No. 20 C 4909 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **RCSH Operations, Inc., d/b/a Ruth's Chris** ) | |
| **Steak House, and Ruth's Hospitality** ) | |
| **Group, Inc.,** ) | |
|     **Defendants.** ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion for judgment on the pleadings [28] is denied.

### STATEMENT

Defendant Ruth's Chris Steak House ("Ruth's Chris"), a restaurant, stopped paying rent in April 2020, asserting that its space was untenantable due to COVID-19, thus relieving it of its obligation to pay rent. Plaintiff sued for breach of contract and breach of guaranty.[1] Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c).

**Facts**

For purposes of a motion under Rule 12(c), the Court assumes all well-pleaded facts are true. On June 2, 1992, the predecessors in interest of Hubbard and Ruth's Chris entered into a written lease. According to the lease, Ruth's Chris "shall use and occupy the Premises for the following uses and purposes ONLY and for NO other use or purpose without the express prior written consent of Lessor: typical "RUTH'S CHRIS STEAK HOUSE" as shown by Lessee's business data presented to Lessor immediately prior to the execution of this Lease." (Compl., Ex. 1, Lease, § 13.) Section 13 of the lease is entitled "FIRE OR CASUALTY," and the first subsection is entitled "Untenantability," which states in relevant part as follows:

> A. . . . . '[T]otal untenantability' or 'totally untenantable' shall mean: . . . the Premises are ordered closed by relevant governmental authorities through no fault of Lessee . . . . Any lesser or other damage or destruction resulting from any such cause which allows the Premises or any substantial portion thereof to

---

[1] According to the complaint, Ruth's Hospitality Group, Inc. is the guarantor while Ruth's Chris is a party to the lease. The Court refers primarily to Ruth's Chris in this order, but Ruth's Hospitality Group, Inc. is a co-defendant in the case and also moves for judgment on the pleadings.

> remain open for business, in the business judgment of the Lessee reasonably exercised, shall be deemed 'partial untenantability' or 'partially untenantable.'
> . . .
> B. Rent shall abate during untenantability. If there has been total untenantability, Rent shall abate in full . . . . In the case of partial untenantability, Rent shall abate equitably as Lessor and Lessee reasonably may agree, with Lessor and Lessee left with the right to seek such loss of rents or business interruption coverage as each may have available in such case.

(*Id*.) Ruth's Chris stopped paying rent as of April 1, 2020, asserting that the premises were untenantable pursuant to the following governmental orders, which are attached to its motion:

- On March 9, 2020, Governor Pritzker issued a COVID-19 disaster proclamation;
- On March 16, 2020, Governor Pritzker issued Executive Order 2020-07, which, in part, required restaurants to "suspend service for and may not permit on-premises consumption" through March 30, 2020;
- On April 1, 2020, Governor Pritzker issued Executive Order 2020-18, which, in part, extended the suspension of on-premises consumption at restaurants through April 30, 2020;
- On April 30, 2020, Governor Pritzker issued Executive Order 2020-32, which provided that restaurants could operate for delivery, drive-through, curbside pick-up and carry out only;
- On May 29, 2020, Governor Pritzker issued Executive Order 2020-38, which, in part, prohibited "on-premises consumption, except as permitted by DCEO guidance";
- On October 29, 2020, Governor Pritzker issued Executive Order 2020-64, which, in part, required all Chicago restaurants to close at 11 p.m. and "suspend indoor on-premises consumption";
- On November 18, 2020, Governor Pritzker issued Executive Order 2020-73, which, in part, provided that restaurants "may not allow in-person indoor consumption," which was extended through January 9, 2021 by Executive Order 2020-74.

(Defs.' Mot. J. Pleadings, Dkt. # 28, Exs. B-I.)

**Analysis**

According to Ruth's Chris, all three elements of untenantability under the lease have been satisfied: Both the State of Illinois and City of Chicago have ordered the dining room of Ruth's Chris completely (and later partially) closed during various periods since March 2020; the State of Illinois and City of Chicago are "relevant governmental authorities" with authority over the Chicago location of Ruth's Chris; and the orders were entered, and Ruth's Chris was subject to them, through no fault of its own. According to Ruth's Chris, whether the governmental orders constitute total or partial untenantability is irrelevant to the question presented on the instant motion because, in either circumstance, rent abates.

From Plaintiff's perspective, Ruth's Chris made a business decision to permanently close its Chicago restaurant at the onset of the COVID-19 pandemic. Ruth's Chris then failed to pay rent and later abandoned the premises and repudiated the lease. No fire or other physical casualty damaged or destroyed the leased premises such that it could not be occupied, and the Illinois Governor did not order the leased premises "closed." According to Plaintiff:

> The Orders never prohibited occupancy of any restaurant premises and specifically encouraged restaurants to continue to operate by providing delivery and take-out service. The Orders also specifically permitted customers to enter restaurant premises. In fact, the Orders deemed restaurants to be *essential businesses* that could continue operations throughout the pandemic lockdowns.

(Pl.'s Resp., Dkt. # 31, at 3) (citing Exec. Ord. 2020-32 § 12.l) (emphasis added by Plaintiff).

The lease is governed by Illinois law. "In Illinois[,] a lease gives rise to the relationship of landlord and tenant," and as "a type of contract . . . , it is governed by rules which govern contracts generally." *In re Consol. Med. Transp., Inc.*, 300 B.R. 435, 451 (Bankr. N.D. Ill. 2003) (citation and internal quotation marks omitted). The "princip[al] function of the Court in construing a lease is to give effect to the intention of the parties as expressed in the language of the document when read as a whole." *Id.* (citation and internal quotation marks omitted).

Neither the terms of the lease nor the governmental orders upon which Ruth's Chris relies dictate entry of judgment in its favor at this stage. As Plaintiff notes, while certain Executive Orders required cessation of on-premises dining, other Executive Orders allowed it to resume. Moreover, at least one of the orders allowed restaurants to operate for delivery, drive-through, curbside pick-up, and carry-out orders. *See* Exec. Ord. 2020-32. Given these orders, the Court cannot state as a matter of law on the current record that Ruth's Chris restaurant was totally untenantable for the entire period starting April 1, 2020 to the present (or at least as of the date of the filing of the lawsuit). Ruth's Chris contends in the alternative that the premises was partially untenantable, and that rent still abates during that period. But the lease provides that a determination of partial untentantability depends on the "business judgment of the Lessee reasonably exercised." Was Ruth's Chris's decision to completely halt operations immediately at the outset of the pandemic and not engage in curbside pick-up, takeout or delivery, or in-person dining when allowed, a reasonable exercise of its business judgment? Further development of the record is required before that can be determined. Because these bases provide sufficient grounds for denying the motion, the Court need not address the other issues raised by the parties.

Ruth's Chris's motion for judgment on the pleadings is denied.

**Date**:  April 20, 2021

*[signature: Ronald A. Guzmán]*

**Ronald A. Guzmán**
**United States District Judge**